# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO SANCHEZ,<br><br>    Petitioner,<br><br>    v.<br><br>KATHLEEN ALLISON,<br><br>    Respondent. | Case No. 1:21-cv-00943-NONE-EPG-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Julio Sanchez is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the petition, Petitioner asserts that trial counsel was ineffective for failing to file a notice of appeal. For the reasons discussed herein, the undersigned recommends denial of the petition for writ of habeas corpus.

**I.**

**BACKGROUND**

On May 8, 2019, Petitioner was convicted by a jury in the Kings County Superior Court of aggravated attempted witness dissuasion, criminal threats with intent to terrorize, and stalking with threat. On June 7, 2019, Petitioner was sentenced to eight years for aggravated attempted witness dissuasion plus a five-year enhancement for a prior serious felony. Petitioner's sentences for criminal threats and stalking were stayed. (ECF No. 14-1 at 1).[1]

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

On September 18, 2020, the California Court of Appeal, Fifth Appellate District denied Petitioner's state habeas petition. (ECF No. 14-2 at 1). On April 14, 2021, the California Supreme Court denied Petitioner's state habeas petition. (ECF No. 14-3 at 1).

On June 16, 2021, Petitioner filed the instant federal habeas petition, asserting ineffective assistance of trial counsel for failing to file a notice of appeal. (ECF No. 1). On September 1, 2021, Respondent filed an answer. (ECF No. 15).

## II.

## STANDARD OF REVIEW

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. The challenged convictions arise out of the Kings County Superior Court, which is located within the Eastern District of California. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

Under AEDPA, relitigation of any claim adjudicated on the merits in state court is barred unless a petitioner can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Davis v. Ayala, 576 U.S. 257, 268–69 (2015); Harrington v. Richter, 562 U.S. 86, 97–98 (2011); Williams, 529 U.S. at 413. Thus, if a petitioner's claim has been

"adjudicated on the merits" in state court, "AEDPA's highly deferential standards" apply. Ayala, 576 U.S. at 269. However, if the state court did not reach the merits of the claim, the claim is reviewed *de novo*. Cone v. Bell, 556 U.S. 449, 472 (2009).

In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. In addition, the Supreme Court decision must "'squarely address[] the issue in th[e] case' or establish a legal principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court in . . . recent decisions"; otherwise, there is no clearly established Federal law for purposes of review under AEDPA and the Court must defer to the state court's decision. Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2008) (alterations in original) (quoting Wright v. Van Patten, 552 U.S. 120, 125, 123 (2008)).

If the Court determines there is clearly established Federal law governing the issue, the Court then must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, [the] clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" clearly established Supreme Court precedent if it "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A state court decision involves "an unreasonable application of[] clearly established Federal law" if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." Richter, 562 U.S. at 102. That is, a petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 103.

If the Court determines that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law," and the error is not structural, habeas relief is nonetheless unavailable unless it is established that the error "had substantial and

injurious effect or influence" on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (internal quotation mark omitted) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)).

AEDPA requires considerable deference to the state courts. Generally, federal courts "look through" unexplained decisions and review "the last related state-court decision that does provide a relevant rationale," employing a rebuttable presumption "that the unexplained decision adopted the same reasoning." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). This presumption may be rebutted "by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision, such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed." Id.

"When a federal claim has been presented to a state court[,] the state court has denied relief," and there is no reasoned lower-court opinion to look through to, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. Where the state court reaches a decision on the merits and there is no reasoned lower-court opinion, a federal court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013). "Independent review of the record is not *de novo* review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). The federal court must review the state court record and "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Richter, 562 U.S. at 102.

## III.

## DISCUSSION

In his sole claim for relief, Petitioner asserts ineffective assistance of trial counsel for failing to file a notice of appeal. (ECF No. 1 at 5). Respondent argues it was reasonable to reject

Petitioner's claim because: (1) Petitioner did not show that he expressly told counsel to file a notice of appeal; and (2) Petitioner did not show that counsel's allegedly deficient performance actually caused his loss of the right to appeal because the right to appeal was still available if he acted promptly. (ECF No. 15 at 5).

This claim was raised in a state habeas petition filed in the California Court of Appeal, Fifth Appellate District, which denied the petition with citation to California Rules of Court 8.60(d) and 8.308(a).[2] (ECF No. 14-2). This claim also was raised in the California Supreme Court, which summarily denied the petition. (ECF No. 14-3). Courts generally "look through" an "unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." Wilson, 138 S. Ct. at, 1192. Although the California Court of Appeal accompanied its denial with citation to California Rules of Court 8.60(d) and 8.308(a), those rules do not provide a relevant rationale with respect to an ineffective assistance of counsel claim (as opposed to a direct request to file an untimely notice of appeal). Accordingly, the Court presumes that the California Supreme Court adjudicated the ineffective assistance of counsel claim on the merits, Richter, 562 U.S. at 99, and as there is no reasoned state court decision on this claim, the Court "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court," id. at 102.

### A. Strickland Legal Standard

The clearly established federal law governing ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668 (1984), which requires a petitioner to show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." Id. at 687. To establish deficient performance, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness" and "that counsel

---

[2] Rule 8.60(d) provides: "For good cause, a reviewing court may relieve a party from default for any failure to comply with these rules except the failure to file a timely notice of appeal[.]" Cal. R. Ct. 8.60(d). Rule 8.308(a) provides that "any statement required by Penal Code section 1237.5 must be filed within 60 days after the rendition of the judgment . . . being appealed. Except as provided in rule 8.66, no court may extend the time to file a notice of appeal." Cal. R. Ct. 8.308(a).

made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 688, 687. Judicial scrutiny of counsel's performance is highly deferential. A court indulges a "strong presumption" that counsel's conduct falls within the "wide range" of reasonable professional assistance. Id. at 687. To establish prejudice, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. A court "asks whether it is 'reasonable likely' the result would have been different. . . . The likelihood of a different result must be substantial, not just conceivable." Richter, 562 U.S. at 111–12 (citing Strickland, 466 U.S. at 696, 693).

When § 2254(d) applies, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Richter, 562 U.S. at 101. Moreover, because Strickland articulates "a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). "The standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Richter, 562 U.S. at 105 (citations omitted). Thus, "for claims of ineffective assistance of counsel . . . AEDPA review must be 'doubly deferential' in order to afford 'both the state court and the defense attorney the benefit of the doubt.'" Woods v. Donald, 575 U.S. 312, 316–17 (2015) (quoting Burt v. Titlow, 571 U.S. 12, 15 (2013)). When this "doubly deferential" judicial review applies, the appropriate inquiry is "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Richter, 562 U.S. at 105.

///

///

///

///

**B. Factual Background[3]**

Petitioner did not file an appeal within the prescribed sixty-day time period. (ECF No. 1 at 28; ECF No. 15 at 2). On April 6, 2020, the Kings County Superior Court received Petitioner's notice of motion and motion to file a notice of appeal, which were dated March 30, 2020. (ECF No. 14-3 at 13). In the motion, Petitioner alleged that he requested counsel to submit a notice of appeal but that it appeared no notice of appeal was submitted. (ECF No. 14-3 at 15). Attached to the motion were three letters. In an April 26, 2019 letter addressed to trial counsel, Petitioner expressed his disappointment with counsel's performance and requested that counsel withdraw from representing Petitioner before his trial. (ECF No. 14-3 at 18). In a May 22, 2019 letter addressed to counsel, Petitioner indicated what steps he would like counsel to take in preparation for Petitioner's sentencing. (Id. at 17). The third letter, dated July 29, 2019, was addressed to "Kings Co. Probation" and stated a need for "court transcripts/discovery." (ECF No. 14-3 at 19). Although unclear, it also appears there may be a subsequent page to this letter that lists "grounds for appeal." (Id. at 21).

In an April 7, 2020 letter, the Kings County Superior Court informed Petitioner that the notice and motion had been marked "Received, but not Filed" and were being returned to him. The court further informed Petitioner that the time to file a notice of appeal expired sixty days from Petitioner's June 7, 2019 sentencing and that if he wished to pursue the matter further, Petitioner may request to file a belated appeal by submitting a habeas petition to the Court of Appeal. (ECF No. 14-3 at 13).

**C. Analysis**

Strickland "applies to claims . . . that counsel was constitutionally ineffective for failing to file a notice of appeal," and the Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is

---

[3] "AEDPA . . . restricts the scope of the evidence that we can rely on in the normal course of discharging our responsibilities under § 2254(d)(1)." Murray v. Schriro, 745 F.3d 984, 998 (9th Cir. 2014). "AEDPA's 'backward-looking language requires an examination of the state-court decision at the time it was made. It [then logically] follows that the record under review is limited to the record in existence at that same time, *i.e.*, the record before the state court.'" Id. (alteration in original) (quoting Cullen v. Pinholster, 563 U.S. 170, 182 (2011)). Accordingly, this Court relies on the allegations in the state habeas petition filed in the California Supreme Court and any attachments thereto for this summary of the facts and will limit review to the record before the California Supreme Court.

7

1  professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S. Ct. 1029 (2000).

2  "[P]rejudice is presumed when an attorney fails to file an appeal against the petitioner's express

3  wishes." Manning v. Foster, 224 F.3d 1129, 1136 (9th Cir. 2000) (citing Flores-Ortega, 120 S.

4  Ct. at 1038).

> If it is not clear that a defendant instructed her attorney to appeal, then we ask whether counsel had a duty to consult the defendant about appealing. A duty to consult arises "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), *or* (2) that this particular defendant reasonably demonstrated to counsel that [s]he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480, 120 S.Ct. 1029 (emphasis added).

10 Shortman v. United States, 851 F. App'x 92, 92 (9th Cir. 2021). "By 'consult,' the Court means

11 advising the defendant about the advantages and disadvantages of taking an appeal and making a

12 reasonable effort to discover the defendant's wishes." Flores-Ortega, 528 U.S. at 471. "[T]o

13 show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable

14 probability that, but for counsel's deficient failure to consult with him about an appeal, he would

15 have timely appealed." Flores-Ortega, 528 U.S. at 484.

16     Here, Petitioner alleges that he requested counsel to submit a notice of appeal but that no

17 notice of appeal was submitted. (ECF No. 1 at 5). Petitioner does not provide this Court, nor did

18 he provide the California Supreme Court, with factual allegations regarding *when* he requested

19 counsel to file a notice of appeal. The letters attached to the state habeas petition do not establish

20 that Petitioner instructed counsel to file a notice of appeal before the sixty-day deadline expired.

21 Both letters addressed to trial counsel pre-dated the judgment and did not reference an appeal.

22 The only letter that may have mentioned an appeal was the one addressed to "Kings Co.

23 Probation," and thus, could not be construed as providing specific instructions to trial counsel to

24 file an appeal. Therefore, given the record before it, the California Supreme Court could have

25 reasonably concluded that Petitioner failed to establish that he issued timely specific instructions

26 to counsel to file a notice of appeal.

27     Additionally, the California Supreme Court could have reasonably concluded that there

28 was no ineffective assistance of counsel because counsel had no duty to consult with Petitioner

about an appeal. As Petitioner did not provide the California Supreme Court with factual allegations regarding *when* he requested counsel to file a notice of appeal, the court could have reasonably concluded that Petitioner did not reasonably demonstrate a timely interest in appealing that would give rise to a duty to consult. Further, Petitioner has not identified any basis for his appeal, either in this Court or the California Supreme Court. Therefore, the California Supreme Court could have reasonably concluded that counsel had no duty to consult because Petitioner failed to establish that a rational defendant would want to appeal.

Based on the foregoing, the state court's denial was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of fact. The decision was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103. Accordingly, Petitioner is not entitled to habeas relief for ineffective assistance of counsel on the ground that counsel failed to file a notice of appeal.

## IV.

## RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v.

///

Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 9, 2021**               /s/ Eric P. Groj
                                                                  UNITED STATES MAGISTRATE JUDGE